

NOT FOR PUBLICATION[*]

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON SANTIAGO LEIVA, | No. 10-35619 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00169-MJP |
| v. | |
| A. NEIL CLARK, et al., | MEMORANDUM |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted July 13, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

Ramon Santiago Leiva, a native and citizen of Honduras, appeals from an order

of the district court dismissing his petition for a writ of habeas corpus, by which he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for Eastern New York, Brooklyn, sitting by designation.

1

sought Cancellation of Removal ("Cancellation") under 8 U.S.C. § 1229b(b). The district court found Leiva to be ineligible for Cancellation, because he did not maintain a continuous physical presence in the United States for a period of at least 10 years. *See* 8 U.S.C. § 1229b(b)(1)(A) ("The Attorney General may cancel removal of . . . an alien who is . . . deportable . . . if the alien has been physically present in the United States for a continuous period of not less than 10 years . . . "). Respondents contend that the district court lacked jurisdiction to reach the merits of Leiva's petition, because his claim interferes with the execution of his removal order. We review *de novo* whether a district court had subject-matter jurisdiction over a habeas petition. *See Morales-Izquierdo v. Dept. of Homeland Sec.*, 600 F.3d 1076, 1081 (9th Cir. 2010).

Under the REAL ID Act of 2005 (the "REAL ID Act"), Congress eliminated habeas review of "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Accordingly, district and appellate courts lack jurisdiction over habeas petitions that seek judicial review of "any 'question[] of law [or] fact' arising from an order of removal." *Morales-Izquierdo*, 600 F.3d at 1082; *see also* 8 U.S.C. §1252(a)(5) ("the sole and exclusive means for judicial review of an order of removal" is to petition for review with an appropriate court of appeals); 8 U.S.C. § 1252(g) ("no

2

court shall have jurisdiction to hear any . . . claim by . . . any alien arising from the decision or action . . . [to] execute [a] removal order[] . . . ”). A claim directly arises from an order of removal when the alien cannot assert the claim without simultaneously challenging his or her removal order. *Morales-Izquierdo*, 600 F.3d at 1082–83.

In the instant case, Leiva claims that he was deprived of the opportunity to apply for Cancellation in violation of due process. We find that his petition is “appropriately characterized as a challenge to an ‘order of removal,’” *id*. at 1082, because the relief sought by Leiva could not be granted without cancelling his removal order. Consequently, we hold that the jurisdiction-stripping provisions of the REAL ID Act apply to Leiva’s petition and, as a result, the district court lacked subject-matter jurisdiction.

The petition is **DISMISSED**.